UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LADON D. MOORE,

        Plaintiff,                    Case No. 1:23-cv-294

v.                                        Honorable Sally J. Berens

UNKNOWN PART(Y)(IES),

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 10.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court will grant Plaintiff's motion to amend his complaint to provide the names of two previously unknown parties: Inspectors Addis and Gilbert (ECF No. 6), but will deny Plaintiff's motion to amend his complaint to add Storekeeper Kamradt as an additional Defendant (ECF No. 7). Further, applying the above-discussed standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Unknown "Administrat[ive] Officer(s)/Staff(s)/[Corrections Officer](s)." (ECF No. 1, PageID.1.)

In his letter-form complaint, Plaintiff asks this Court to issue a preliminary injunction against Defendants "to prevent any retaliation" against Plaintiff for filing a grievance. (*Id.*)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Specifically, Plaintiff attaches to his complaint a grievance dated March 16, 2023, in which Plaintiff claims that unidentified staff and corrections officers were allowing inmates to access Plaintiff's cell and "mess[] with" Plaintiff's property. (*Id.*; ECF No. 1-1, PageID.5.)

Plaintiff believes that, once his grievance is received, he will be subjected to unlawful retaliation. (ECF No. 1, PageID.1.) He requests a preliminary injunction, acknowledging that his action was filed before he was able to exhaust his administrative remedies. (*Id.*, PageID.2.)

Plaintiff also contends that he "can prove" that the actions described within his March 16, 2023 grievance were taken in retaliation for Plaintiff's filing of a kite pertaining to "concerns about transportation to off-site medical appointments." (*Id.*; ECF No. 1-2, PageID.6.)

Plaintiff seeks an order from this Court "to prevent any retaliation," and to require that Plaintiff remain at IBC "in [a] single man cell." (*Id.*, PageID.1–2.)

## II.     Pending Motions to Amend Complaint

On March 22, 2023, Plaintiff filed his original complaint, seeking only a preliminary injunction. (ECF No. 1.) Thereafter, on April 13, 2023, Plaintiff filed two motions to amend his complaint. (ECF Nos. 6, 7.) First, Plaintiff seeks to provide the names of two previously unknown parties: Inspectors Addis and Gilbert. (ECF No. 6.) Second, Plaintiff seeks to add Storekeeper Kamradt as an additional Defendant and to include claims that Storekeeper Kamradt intentionally contaminated Plaintiff's food. (ECF No. 7.) As explained below, the Court will grant Plaintiff's first motion to substitute Inspectors Addis and Gilbert as two previously unknown parties. However, the Court will deny Plaintiff's second motion to amend his complaint as doing so would violate Federal Rule of Civil Procedure 20(a).

4

        **1.**        **Motion to Substitute Inspectors Addis and Gilbert for Two Unknown Parties**

Plaintiff has filed a motion to amend his complaint to substitute Inspector Unknown Addis and Inspector Unknown Gilbert for two of the previously unknown "Bellamy Creek Administrat[ive] Officer(s)/Staff(s)/[Corrections Officer](s)." (ECF No. 1, PageID.1.) Under Federal Rule of Civil Procedure 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Defendants have not yet been served and, therefore, no responsive pleading has been filed. Accordingly, Plaintiff's motion to amend his complaint to substitute Inspector Unknown Addis and Inspector Unknown Gilbert for two of the previously unknown parties (ECF No. 6) will be granted, and that amendment will be deemed to have been filed *instanter*.

        **2.**        **Motion to Add Defendant Storekeeper Kamradt**

In his second motion to amend, Plaintiff seeks to add, as an additional Defendant, Storekeeper Unknown Kamradt. (ECF No. 7, PageID.18.) He claims that, on March 22, 2023, or sometime before, Storekeeper Kamradt removed Plaintiff's food items from their sealed packages and intentionally exposed them to contaminants. (*Id.*) Plaintiff alleges that, since eating the items, Plaintiff has experienced a "burning/stinging/swelling" sensation in his lips, swelling in his jaw, and severe stomach pain. (*Id.*) Plaintiff's original complaint is dated March 16, 2023. (ECF No. 1, PageID.3.) Therefore, Plaintiff's claims against Storekeeper Kamradt arose after any events described in Plaintiff's original complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that after a party has amended "its pleading once as a matter of course," a party may amend its pleading by leave of court and that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, Rule 15(d) of the Federal Rules of Civil Procedure provides that "[o]n motion and reasonable

notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182. If a claim would be properly dismissed, amendment to add the claim would be futile. *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993). In this instance, Plaintiff's motion to amend is properly denied because the amendment that Plaintiff proposes would violate Federal Rule of Civil Procedure 20(a).

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Courts have recognized that, where multiple parties are named, as would be the case with Plaintiff's proposed amendment, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is

6

>not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
>Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless *one* claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (emphasis added) (internal quotation marks omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting improper joinder of parties or claims in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004).

7

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)....
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three-strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (declining to allow "litigious prisoners [to] immunize frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits"); *Shephard v. Edwards*, No. C2-01-563, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule). Courts are therefore obligated to reject

misjoined complaints like the one Plaintiff proposes. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Plaintiff's original complaint begins with a request for injunctive relief relating to anticipated retaliation following Plaintiff's March 16, 2023 grievance. (ECF No. 1.) Plaintiff does not identify Storekeeper Kamradt as one of the unknown "Bellamy Creek Administrat[ive] Officer(s)/Staff(s)/[Corrections Officer](s)" who Plaintiff claims will retaliate against him. Plaintiff also does not claim that the incident involving Storekeeper Kamradt on March 22, 2023, following the filing of Plaintiff's original complaint, was in retaliation for anything, much less in retaliation for Plaintiff's March 16, 2023 grievance, which is the event underlying Plaintiff's original complaint. Therefore, no matter how liberally the Court construes Plaintiff's proposed claim against Storekeeper Kamradt, Plaintiff has not stated at least one claim against Storekeeper Kamradt that is transactionally related to any defendant named in Plaintiff's original complaint and involves a common question of law or fact. *See Proctor*, 661 F. Supp. 2d at 778. Accordingly, the Court concludes that Plaintiff's proposed amendment to include his claim against Storekeeper Kamradt would run afoul of Federal Rule of Civil Procedure 20(a), and his motion to amend (ECF No. 7) will therefore be denied as futile.

If Plaintiff wishes to proceed with his claims against Storekeeper Kamradt, he shall do so by filing a new civil action *on the form* provided by this Court, *see* W.D. Mich. LCivR 5.6(a), and paying the required filing fee. Plaintiff is cautioned that he must limit all future actions to defendants and claims that are transactionally related to one another. Plaintiff is also cautioned that the future failure to file lawsuits on the required form or filing scattershot complaints full of misjoined claims may result in prompt dismissal upon preliminary review.

### III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983

is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In this action, Plaintiff claims that he "can prove" that the actions described within his March 16, 2023 grievance were taken in retaliation for Plaintiff's filing of a kite pertaining to "concerns about transportation to off-site medical appointments." (ECF No. 1, PageID.2; ECF No. 1-2, PageID.6.) He also claims that he "know[s]" that he will be subject to retaliation by unnamed individuals for filing his March 16, 2023 grievance. (ECF No. 1, PageID.1) The Court will construe Plaintiff's allegations as claims of First Amendment retaliation.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*. Moreover, a plaintiff must allege facts that would plausibly suggest that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

A.   **Retaliation for Filing a Kite Pertaining to Transportation Concerns**

Plaintiff claims that unnamed individuals have allowed other inmates to access Plaintiff's cell, where they have "mess[ed] with" Plaintiff's property and food, in retaliation for Plaintiff having submitted a kite about transportation concerns. (ECF No. 1-2, PageID.5; ECF No. 1, PageID.2.) Plaintiff indicates that he has written to IBC inspectors about the matter, presumably Defendants Addis and Gilbert, to no avail. (*Id.*) Although Plaintiff says that he "can prove"

retaliation (ECF No. 1, PageID.2), Plaintiff's complaint does not contain even a single fact explaining this.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). However, "alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Plaintiff has alleged merely the ultimate fact of retaliation. Even if this Court assumes that Plaintiff's kite related to transportation concerns is First Amendment protected activity, *see Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018), Plaintiff's complaint has no facts that would plausibly suggest that the actions of unnamed individuals in allowing inmates access to Plaintiff's cell was motivated by Plaintiff's protected activity. Moreover, to the extent that Plaintiff seeks to hold Defendants Addis and Gilbert liable for failing to address this issue after he wrote to them, a claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon

the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, Section 1983 liability may not be imposed simply because Defendants denied an administrative grievance or failed to act based upon information contained in a grievance or kite. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Ultimately, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Because Plaintiff's conclusory claim of retaliation falls far short of the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the Court will dismiss Plaintiff's claim of First Amendment retaliation premised upon the events described in Plaintiff's March 16, 2023 grievance.

### B. Future Retaliation for March 16, 2023 Grievance

Plaintiff requests that this Court enter a preliminary injunction to prevent anticipated future retaliation. Plaintiff alleges that he "know[s]" that he will be subject to retaliation by unnamed individuals (ECF No. 1, PageID.1), but does not provide any factual basis for this knowledge. He describes only that he "fear[s]" for his safety because he is "a sexual abuse survivor of years," and because he believes that staff previously retaliated against him "from March 10–16, 2023." (*Id.*)

The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). However, Plaintiff has failed to allege that he suffered any adverse action *after* he engaged in the March 16, 2023 protected conduct. Plaintiff's fears that unknown persons may retaliate against him at some unknown future date, without more, do not constitute "adverse action" sufficient to state a claim for First Amendment retaliation. Accordingly, the Court will dismiss Plaintiff's claim of First Amendment retaliation premised upon anticipated future harm and will deny Plaintiff's request for a preliminary injunction.

13

**Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's motion to amend his complaint to provide the names of two previously unknown parties: Inspectors Addis and Gilbert, (ECF No. 6), with the amendment deemed to have been filed *instanter*. The Court will deny as futile Plaintiff's motion to amend his complaint to add Storekeeper Kamradt as an additional Defendant, (ECF No. 7).

Furthermore, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), and Plaintiff's request for a preliminary injunction will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   June 1, 2023                                  /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       United States Magistrate Judge